United States District Court
Southern District of Texas

**ENTERED**
May 19, 2025
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| AQUAMARINE POOLS OF TEXAS, LLC, | § | |
| | § | |
| *Intervenor Plaintiff*, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-1683 |
| | § | |
| POOLS123 HOUSTON, LLC, | § | |
| | § | |
| *Plaintiff/Intervention Defendant*, | § | |
| | § | |
| VS. | § | |
| | § | |
| POOLS123 TEXAS LLC, et al., | § | |
| | § | |
| *Defendants.* | § | |

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

Pending before the Court is Intervenor Plaintiff Aquamarine Pools of Texas, LLC ("Aquamarine" or "Intervenor Plaintiff") Motion for Default Judgment against Plaintiff/Intervention Defendant Pools123 Houston, LLC ("Pools123 Houston" or "Intervention Defendant"). (Doc. No. 37). The Court concludes that Aquamarine has established that it is entitled to the requested judgment and GRANTS its Motion for Default Judgment. (Doc. No. 37).

### I.    Background

In May 2024, Plaintiff Pools123 Houston, LLC ("Plaintiff") brought suit against Defendants John J. Mehrman, Pools123 Texas LLC, Pools123 Waco LLC, Pools123 Austin LLC, Pools123 San Antonio LLC, and Pools123 Corpus Christi LLC (collectively, "Defendants") for injunctive and declaratory relief related to their alleged "unlawful claims to ownership of Plaintiff's trademarks." (Doc. No. 1). Later that year, Aquamarine intervened in this action claiming that Pools123 Houston willfully infringed on Aquamarine's copyright. (Doc. No. 30).

Aquamarine alleges that Pools123 Houston infringed on the copyrighted design (the "Pools123 Logo") owned by Aquamarine. Though not relevant here in its entirety, some context regarding the claims between Pools123 Houston and Defendants is necessary. Aquamarine, Pools123 Houston, and Defendants are all engaged in the business of installing swimming pools throughout the state of Texas. Defendant John Mehrman created and owns Aquamarine. Mehrman also created the Defendant entities with his business partners, Mark and Donas Naras. Mark and Donas Naras were the original owners of Pools123 Houston, along with their son, Josh Naras. Josh Naras is now the sole owner of Pools123 Houston, the plaintiff in this action. The companies apparently "coexisted peacefully" until fairly recently.

Pools123 Houston registered the trademark "Pools123" with the United States Patent and Trademark Office ("USPTO") on August 4, 2020. As part of this trademark registration, Pools123 Houston included screenshots from Defendants website that depicts the Pools123 Logo. Pools123 Houston initiated this action against Defendants alleging trademark infringement. The Court disposed of that claim, amongst others, in a separate order. There, the Court held that Pools123 Houston does not have ownership of the trademarks in question, including what is clearly an exact copy of the Pools123 Logo. Intervenor Plaintiff now contends that Pools123 Houston infringed on the Pools123 Logo by displaying the design on "social media and its website, and presumably other locations such as on its trucks or in-store." (Doc. No. 30 at 4).

Intervention Defendant sought an extension to answer Intervenor Plaintiff's complaint because Intervention Defendant's attorneys intended to withdraw. (Doc. Nos. 31. 32). This Court granted the attorneys' motion to withdraw and granted an extension for Intervention Defendant to file a response to the Intervenor Plaintiff's complaint. (Doc. Nos. 33, 34). Nevertheless, Intervention Defendant failed to respond to Intervenor Plaintiff's complaint. Additionally, as far

2

as the Court is aware, Intervention Defendant has failed to retain counsel. Intervenor Plaintiff subsequently moved for entry of default and default judgment against Intervention Defendant. (Doc. Nos. 35, 37). Intervention Defendant failed to respond.

## II.    Legal Standard

After default is entered, a plaintiff may seek default judgment under Federal Rule of Civil Procedure 55(b). *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The plaintiff must submit evidence supporting that the defendant has been properly served with the summons, complaint, and the default judgment motion. *James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 16-CV-463, 2018 WL 4688778, at \*3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988)); *Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at \*1 (S.D. Tex. May 16, 2013). Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

"A default judgment is unassailable on the merits but only so far as it is supported by the well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "There must be a sufficient basis in the pleadings for the judgment entered." Nishimatsu Constr. Co., 515 F.2d at 1206. For the court to enter default judgment, the complaint must satisfy Federal Rule of Civil Procedure 8. *See Wooten*, 788 F.3d at 497–98. "On appeal, the defendant, although he may not challenge the sufficiency of the evidence, is entitled to contest the sufficiency of the complaint and its allegations to support the judgment." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

3

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility than a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

## III. Analysis

Courts in the Fifth Circuit have developed a three-part analysis to determine whether a default judgment should be entered. The Court must consider three questions: (1) if a default judgment is procedurally appropriate; (2) if the plaintiff has presented a colorable claim in its pleadings; and (3) how to calculate damages or equitable relief. *Vela v. M&G USA Corp.*, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The Court finds that each of these requirements has been met.

### A. Aquamarine has shown that default judgment is procedurally warranted.

As a matter of longstanding Fifth Circuit law, default judgments are generally disfavored. *See Sun Bank v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted by courts only in extreme situations."). The Court must consider relevant factors, including: (1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether the grounds

4

for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of the default judgment based on the circumstances; and (6) whether the court would think itself obliged to set aside the default on the [defaulting party's] motion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). The Court finds that each of these considerations weigh in favor of default judgment in this case.

First, there are no material facts at issue. Intervention Defendant has not filed an answer; consequently, there are no material facts in dispute. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). This factor weighs in favor of default.

Second, there does not seem to be any threat of substantial prejudice to Intervention Defendant. Moreover, Intervention Defendant's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing [Intervenor] Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011). This factor weighs in favor of default.

Third, the grounds for default are well established by Intervention Defendant's failure to "plead or otherwise defend" against Aquamarine's claims, despite being properly served. Fed. R. Civ. Pro. 55(a). Further, none of the typical exceptions to default apply, reflected in the Clerk's entry of default. This factor weighs in favor of default judgment.

Fourth, the default cannot be said to be caused by a good faith mistake or excusable neglect. Intervention Defendant filed a motion for extension of time to file a response to Aquamarine's complaint. (Doc. No. 31). The Court granted Intervention Defendant's request and ordered it to answer by November 21, 2024. (Doc. No. 34). Roughly seven months later, it has still failed to do

so. Thus, Intervention Defendant failure to answer Aquamarine's complaint is not a good faith mistake or excusable neglect. This factor weighs in favor of default judgment.

Fifth, default judgment is not harsh under the circumstances. Aquamarine seeks only the relief to which it is entitled under the law, mitigating the harshness of a default judgment against Intervention Defendant. *See Lindsey*, 161 F.3d at 893.

Sixth, and finally, absent a compelling reason the Court does not find itself likely to set aside the default upon Intervention Defendant's motion. Intervention Defendant has failed to answer or respond to any other filing by Aquamarine or Defendants for the past eight months. Further, based on the Intervention Defendant's lack of response, the likelihood of Intervention Defendant making such a motion seems remarkably low. Thus, this factor also weighs in favor of default judgment.

All of the *Lindsey* factors weigh in Intervenor Plaintiff's favor. Therefore, the Court concludes that default judgment is procedurally warranted.

## B. Aquamarine has pled substantively meritorious claims.

Next, the Court must determine whether the pleadings provide a "sufficient basis" for entering default judgment. *Nasufi*, 2017 WL 6497762, at *2. Due to their default, Intervention Defendant is deemed to have admitted the well-pleaded facts alleged in the Intervenor Plaintiff's Complaint. *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (finding that the well-pleaded factual allegations are assumed to be true, except regarding damages). Nonetheless, the Court must review the pleadings to determine the substantive merits of Aquamarine's claims for relief. *Nishimatsu Constr. Co.*, 515 F.2d at 1206. As noted above, Plaintiff brings a claim for willful copyright infringement and seeks a damages and fees associated with that infringement.

6

To prevail on its claim for copyright infringement under 17 U.S.C. § 501, Aquamarine must show ownership of a valid copyright, and that Pools123 Houston copied the original elements of the work. *Feist Publications, Inc. v. Rural Telephone Service*, 499 U.S. 340, 361 (1991). Aquamarine produced the Certificate of Registration for the Pools123 Logo. (Doc. No. 30 at 8–9). This is sufficient to establish ownership.

The plaintiff proves copying by proving that (1) the defendant had access to the material; and (2) "there is a substantial similarity between the two works." *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). Aquamarine pleads that Pools123 Houston was aware of the Pools123 Logo's existence and had access to it because it was published on Defendants' website. (Doc. No. 30 at 3). Aquamarine also pleads that Pools123 Houston continues to publish an exact replica of the Pools123 Logo on its social media and website, "and presumably other locations such as on its trucks or in-store." (*Id.* at 4).

While Pools123 Houston may have had a valid defense, it failed to respond to Aquamarine's allegations. Taking the allegations in the amended complaint as true, Pools123 Houston infringed the Pools123 Logo. Therefore, the motion for a default judgment on Aquamarine's copyright infringement claim is GRANTED. (Doc. No. 37).

## C. Damages

Aquamarine requests relief in the form of statutory damages and attorney's fees. (Doc. No. 30 at 5). The court will address each in turn.

### i. *Statutory Damages*

Aquamarine is seeking statutory damages as outlined in 17 U.S.C. § 504. (Doc. No. 37 at 11). A copyright owner may elect to recover statutory damages, rather than actual damages, for all infringements "with respect to any one work . . . in a sum of not less than $750 or more than

7

$30,000 as the court considers just." 17 U.S.C. § 504(c)(1). A finding of willful infringement may "increase the award of statutory damages to a sum or not more than $150,000." 17 U.S.C. § 504(c)(2).

Aquamarine requests an award of $25,000. While that number is already within the parameters set by § 504(c)(1), Aquamarine contends that an award towards the maximum statutory limit is warranted because Pools123 Houston willfully infringed on the copyright, failed to participate in the case, and it would deter similar conduct in the future. *See* (Doc. No. 37).

Intervenor Plaintiff, however, has engaged in gamesmanship that the Court finds troublesome. Aquamarine registered its copyright on September 16, 2024—less than two weeks before it filed its motion to intervene in this suit. (Doc. No. 28); (Doc. No. 30 at 8). At the time Aquamarine intervened, this suit had been pending almost five months. Though Aquamarine has technically satisfied the elements of copyright infringement, the Court believes that it copyrighted the Pools123 Logo for the purpose of intervening in this suit. As such, the Court considers $750 a just award pursuant to 17 U.S.C. § 504(c)(1).

ii.    *Attorney's Fees and Costs*

The Copyright Act allows the Court, in its discretion, to award reasonable attorney's fee to the prevailing party. 15 U.S.C. § 505. The determination of a reasonable attorney's fee is a matter of discretion with the Court. *Salazar v. Maimon*, 750 F.3d 514, 518 (5th Cir. 2014). Courts in this District use the "lodestar method," which is a two-step process. The Court first calculates the lodestar amount by multiplying the reasonable number of hours expended on the case by the reasonable hourly rate. In the second step, the Court considers whether to adjust the lodestar amount based upon the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488

F.2d 714, 717–19 (5th Cir. 1974). There is a strong presumption that the lodestar amount is reasonable. *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

The *Johnson* factors are important for the Court's consideration, but no factor is dispositive. *Montgomery v. State Farm Lloyds*, No. 23-11126, 2024 WL 2369415, at *1 (5th Cir. May 23, 2024). The reasonableness of attorney's fees is considered in light of the following guidelines: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

Aquamarine seeks $8,043.50 in attorney's fees. According to its supporting affidavit, Brian Casper, Aquamarine's lead counsel, charged a rate of $465.00 per hour, which he swears is a roughly 22% discount from his typical fee. (Doc. No. 37-1 at 3). Zach Tiritilli, the firms Junior Associate, charged a rate of $280.00, which Mr. Casper swears is a roughly 15% discount from his typical fee. (*Id.* at 4). Lastly, the firm's paralegal, Amy Martinez, charged a rate of $140.00 per hour, which Mr. Casper testifies is "at or below the current market rate for a paralegal with her experience." (*Id.*).

Next, the Court must determine whether the hours claimed were "reasonably expended" on the litigation. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995) (per curiam). The fee applicant (in this case, Intervenor Plaintiff) bears the burden of establishing the

9

reasonableness of the number of hours expended on the litigation and must present adequately documented time records to the court. *See Homer v. Homer*, No. Civ. A. 4:21-CV-02789, 2022 WL 4290465 at *5 (S.D. Tex. 2022). Parties submitting fee requests are also required to exercise "billing judgment," which "refers to the usual practice of law firms in writing off unproductive, excessive, or redundant hours." *Walker v. United States HUD*, 99 F.3d 761, 769 (5th Cir. 1996).

The total number of hours billed in this case is 24.8. (Doc. No. 37-1 at 5). Conducting a comprehensive review of the evidence of attorney's fees submitted, the Court finds that there is evidence of billing judgment exercised by Intervenor Plaintiff's attorneys. Nevertheless, its attorneys also represent Defendants in this action. The billing records include work performed on Defendants' behalf, including the drafting of the motion for summary judgment. Thus, a reduction the hours sought is warranted in this instance. The adjusted number of hours is 22.55. Accordingly, the lodestar is calculated at $6,997.25

The second step requires the Court consider whether to adjust the lodestar amount. The Fifth Circuit has reasoned that "the most critical factor in the analysis is the 'degree of success obtained.'" *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). The Fifth Circuit has also determined that the award of fees to the prevailing party in a copyright action is the rule rather than the exception. *McGaughey v. 20th Century Fox Film Corp.*, 12 F.3d 62, 65 (5th Cir. 1994). Nevertheless, the Court may consider factors such as "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 & n. 19 (1994)).

Aquamarine was successful in its copyright infringement claim. Nevertheless, the Court finds it necessary to adjust the lodestar amount to discourage any similar gamesmanship in the

10

future. As such, the Court finds that $3,498.63, half of the lodestar amount, is a reasonable award of attorney's fees under 15 U.S.C. § 505.

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Intervenor Plaintiff's Motion for Default Judgment as modified above. (Doc. No. 37). The Court finds that Pools123 Houston is liable to Aquamarine for copyright infringement. It awards Aquamarine **$750.00** in statutory damages under 17 U.S.C. § 504(c)(1) and awards attorney's fees and costs in the amount of **$3,498.63** pursuant to 15 U.S.C. § 505.

Signed at Houston, Texas, on this the 15th day of May, 2025.

Andrew S. Hanen
United States District Judge

11